HENRY B. HARDENBURG ET AL., PARTNERS, &c., v. INTERNATIONAL SAFETY RAZOR CORPORATION.

Decided November 9, 1923.

**Contract Sale of Goods—Modification by Parole Claimed—Evidence Not Held to Sustain Contention.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Wilbur A. Heisley.*

*Contra, Walter J. Bilder.*

PER CURIAM.

The defendant is a manufacturer of safety razors. It was about to put upon the market—or had begun to market—a razor known as the "Mirak" and another known as the "Byford." These razors the defendant proposed to sell in cases, and in order to do this it entered into a written contract with the plaintiffs, under date of September 11th, 1920, by the terms of which the latter agreed to manufacture and deliver to the defendant fifty thousand cases for the "Miraks" and fifteen thousand cases for the "Byfords." The price to be paid by the defendant for these cases was twelve cents each,

making a total of $7,800, and deliveries were to begin within three weeks from the date of the contract at the rate of one thousand "Mirak" cases and three hundred "Byford" cases per day. The cases were all delivered not later than the 23d of December, 1920. The total amount of the contract price for the "Miraks" has been paid, but nearly seven-eighths of the contract price for the "Byford" cases remains unpaid, the actual amount being $1,553.04. The present suit was brought to recover this unpaid amount. The trial resulted in a verdict for the plaintiffs for the full amount of their claim.

The defendant seeks to have the verdict against it set aside upon the ground that, after the contract was entered into, it discovered that there was no demand for "Byfords," and that, having communicated this fact to the plaintiffs' manager, it was agreed that the original contract should be so modified that the defendant should not be obligated to pay for the "Byford" cases until they were actually sold by it. The only witness offered to prove this alleged modification was the vice president of the defendant corporation, who testified that it was made by him as the representative of the defendant, and by the manager of the plaintiffs as their representative. The manager of the plaintiffs absolutely denied having agreed to any such modification of the contract, and the jury solved that factor of the case in favor of the plaintiffs. We cannot say that their finding on this point was not fully justified by the evidence. The uncontradicted proof was that the manufacture by the plaintiffs of all of the "Byford" cases was completed by the 1st of November, 1920. The alleged modification of the original contract was not entered into, according to the testimony of defendant's vice president, until the 1st of December. The jury, in determining the credit to be given to each of these witnesses, was naturally influenced by the fact that the modification of the contract which the defendant claimed had been made would have left the plaintiffs with a manufactured article on their hands for which, quite probably, there would be no sale, in case the defendant, for any reason, saw fit to discontinue the manufacture of the "Byford" razor.

It is further argued as a reason for making this rule absolute that, after making the last shipment of the "Byford" cases later in December, the plaintiffs wrote a letter, under date of December 23d, 1920, to the defendant, in which they stated that settlement for the bills which accompanied the shipment "can be made at your discretion, but we presume same will be done within or by the month of March. Hoping this is satisfactory, we are," &c. It is argued that this letter is a confirmation of the alleged prior oral agreement which has just been referred to, and also that it relieves the defendant of any obligation to pay until it should see fit to do so. As we read it, the letter has no tendency to support the testimony of the defendant company's vice president with relation to the making of the modified oral agreement, in view of the fact that it was preceded by the shipment of the whole amount of the "Byford" cases provided for in the original written contract. Nor can we agree that the letter has the broad construction claimed for it by defendant's counsel. According to his argument, the defendant might, notwithstanding the fact that it had disposed of all of the "Byford" cases, refuse to pay until it should elect to do so. In other words, it might postpone payment of ten weeks or ten months or ten years. As we read the letter, its only effect was to give the defendant a reasonable time after the delivery of the shipment within which to pay the contract price, that reasonable time being, in the opinion of the plaintiffs, the end of the following March. Assuming that the defendant was entitled to a longer period within which to pay than the letter suggests, we note that the present action was not brought until nearly a year after the end of March, 1921, and it is hardly necessary to say that the reasonable time provided by the letter had long since expired before the institution of the suit.

The view that we have taken of the matters which we have discussed render the other grounds upon which we asked to make the rule absolute so immaterial as not to justify discussion.

The rule to show cause will be discharged.